UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT WINCHESTER

| | |
|---|---|
| TONY TYKWON BROWN, ) | |
| ) | Nos. 4:17-cr-20, 4:19-cv-18 |
| Petitioner, ) | |
| ) | Judge Mattice |
| v. ) | |
| ) | Magistrate Judge Lee |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM OPINION

On February 19, 2019, federal inmate Tony Tykwon Brown filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. [Case No. 4:17-cr-20, Crim. Doc. 139; Case No. 4:19-cv-18, Doc. 1]. Petitioner argues that the Court lacked subject matter jurisdiction over his criminal case, that law enforcement and the prosecuting attorney engaged in misconduct, and that he was deprived of his right to effective assistance of counsel due to counsel's failure to challenge the indictment and faulty plea advice. [Doc. 2]. As ordered, the United States filed a response [Doc. 9], to which Petitioner replied [Doc. 10]. He has also filed a supplement to the Motion to Vacate. [Doc. 12]. Having considered the pleadings and the record, along with the relevant law, the Court finds there is no need for an evidentiary hearing[1] and Petitioner's § 2255 motion [Doc. 1; Crim. Doc. 139] will be **DENIED**.

---

[1] An evidentiary hearing is required on a § 2255 motion unless the motion, files, and record conclusively show that the prisoner is not entitled to relief. *See* 28 U.S.C. § 2255(b). It is the prisoner's ultimate burden, however, to sustain his claims by a preponderance of the evidence. *See Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006). Accordingly, where "the record conclusively shows that the petitioner is entitled to no relief," a hearing is not required. *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999) (citation omitted).

## I. BACKGROUND FACTS AND PROCEDURAL HISTORY

On June 27, 2017, the grand jury returned an eighteen-count indictment against Petitioner Tony Brown and three codefendants. [Crim. Doc. 1]. Two charges were against Brown. Count One charged that beginning in December 2016 and continuing to January 2016,[2] Brown conspired to distribute 280 grams of a mixture and substance containing cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846. [*Id.* at 1]. Count Eighteen charged that on or about February 9, 2017, Brown aided and abetted a codefendant in distributing a mixture and substance containing cocaine base. [*Id.* at 3].

Pursuant to a written plea agreement, Brown pleaded guilty to a lesser-included offense of Count One: conspiracy to distribute 28 grams or more of crack cocaine. [Crim. Doc. 91 at 1]. The plea agreement recited that due to a prior felony drug conviction, Brown was subject to "at least" a ten-year term of imprisonment followed by an eight-year term of supervised release. [*Id.*]. In the plea agreement, Brown admitted that he and others conspired to distribute at least 28 grams of cocaine base. [*Id.* at 3]. Brown further stipulated to the following facts in support of his guilty plea:

- Brown joined a conspiracy to distribute cocaine base in and around Fayeteville, Tennessee.

- Brown's role was to receive crack cocaine from other sources and then store or sell it or help others receive and sell crack cocaine.

- On January 17, 2017, law enforcement agents made a controlled purchase of one ounce of crack cocaine from a co-defendant. The transaction occurred in the driveway of Brown's father's house. Directly afterward, agents saw the co-

---

[2] The date-range error appears in the indictment and is discussed herein.

defendant go into the house. The substance was analyzed and found to contain 26.78 grams of cocaine base.

- On January 24, 2017, law enforcement agents made a controlled purchase of one once of crack cocaine from a second co-defendant. The source met the co-defendant in a parking lot and they conducted the transaction. The co-defendant then walked directly to another car driven by Brown and gave him some amount of money. The substance was analyzed and found to contain 24.99 grams of cocaine base.

- Between January 23rd and 24th, a confidential source texted a co-defendant "bruh, I do need you today." The co-defendant responded "aight" and then immediately texted Brown saying: "Dude just hit me up, saying he need one today." Brown responded it would likely be the next day. The codefendant messaged the confidential source "my boy said tomorrow." The text messages arranging the transaction continued.

- More than one of the co-defendants told law enforcement that the defendant was their source for crack cocaine for some part of the conspiracy.

[Crim. Doc. 91 at 2-3]. Pursuant to Rule 11(c)(1)(C), the parties agreed in the written plea agreement that a sentence of 120 months' imprisonment was an appropriate disposition of the case. [*Id.* at 4].

In the plea agreement, Brown also waived the right to file a direct appeal of his convictions, with one exception: he retained the right to appeal a sentence imposed above the sentencing guideline range determined by the Court or above any mandatory minimum sentence. [*Id.* at 6]. He also waived the right to collaterally attack his conviction or sentence, retaining only the right to file a § 2255 motion as to (i) prosecutorial

3

misconduct or (ii) ineffective assistance of counsel. [*Id.* at 7]. He also waived the right to be presumed innocent and to have the burden of proof placed on the United States to prove the defendant guilty beyond a reasonable doubt.

The Presentence Investigation Report prepared by the Court's probation office calculated Brown's base offense level at 26, added 2 levels for a leadership role, and subtracted 3 levels for acceptance of responsibility, for a total offense level of 25. [Crim. Doc. 123 at ¶¶ 24-34]. The PSR indicates his recommended term of imprisonment under the United States Sentencing Guidelines is 70 to 87 months. [*Id.* at ¶ 66]. However, due to his prior offense, his statutorily-mandated minimum sentence was 120 months, resulting in an effective guideline range of 120 months. [*Id.* at ¶ 67]. Brown objected to the two-level enhancement for a purported leadership role, arguing that the factual allegations of the PSR did not support the enhancement. [Crim. Doc. 125].

At sentencing, defense counsel argued Brown's objection to the PSR and the Government took the position that a ruling on the objection was unnecessary due to the mandatory minimum and Rule 11(c)(1)(C) plea agreement. [*See* Crim. Doc. 134]. The Court declined to express an opinion on the exact advisory guideline range, noting that it was lower than the mandatory minimum with or without the enhancement for a leadership role. [*Id.* at 17-18]. The Court accepted the plea agreement and sentenced Brown to 120 months' imprisonment. [*Id.* at 24]. Judgment was entered on July 9, 2018. [Crim. Doc. 131]. Brown did not appeal.

On February 19, 2019, Brown filed his Motion to Vacate [Crim. Doc. 139]. He raises the following grounds for relief: (1) that the prosecutor knew Count Eighteen was false or fabricated and prosecuted Brown anyway; (2) the Court lacked subject matter jurisdiction over his criminal case due to errors in the indictment; (3) Brown was deprived of his right

4

to effective assistance of counsel because counsel did not move to dismiss the defective indictment and advised him to plead guilty to charges that were not lodged against him; and (4) the Court improperly enhanced Petitioner's sentence under U.S.S.G. § 3B1.1(c) for a leadership role in the conspiracy when the facts did not support such an enhancement. [Doc. 2].

The Government opposes relief, showing that Petitioner waived his right to collaterally attack his conviction or sentence except based on prosecutorial misconduct and ineffective assistance of counsel. [Doc. 10]. As to prosecutorial misconduct, the United States argues that Petitioner has not shown that law enforcement or prosecuting attorneys intentionally supplied false information to the grand jury and in any event, Brown was not prejudiced by any inaccuracy in the indictment because he was not convicted of the offense charged in Count Eighteen. Similarly, the Government argues Petitioner has not pointed to deficiencies in his representation that rise to the level of ineffective assistance and moreover, the deficiencies he identifies did not prejudice him. Finally, the Government contends that any leadership role ascribed to Petitioner was immaterial to his sentence in light of the mandatory minimum.

## II.   STANDARDS OF REVIEW

After a defendant has been convicted and exhausted his appeal rights, a court may presume that "he stands fairly and finally convicted." *United States v. Frady*, 456 U.S. 152, 164 (1982). A court may grant relief under 28 U.S.C. § 2255, but the statute "does not encompass all claimed errors in conviction and sentencing." *United States v. Addonizio*, 442 U.S. 178, 185 (1979). Rather, collateral attack limits a movant's allegations to those of constitutional or jurisdictional magnitude, or those containing factual or legal errors

5

"so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (citation omitted); *see also* 28 U.S.C. § 2255(a).

In a § 2255 action, "[a]n evidentiary hearing 'is required unless the record conclusively shows that the petitioner is entitled to no relief.'" *Martin v. United States*, 889 F.3d 827, 832 (6th Cir. 2018) (*quoting Campbell v. United States*, 686 F.3d 353, 357 (6th Cir. 2012)). Otherwise, "a district court may only forego a hearing where 'the petitioner's allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.'" *Id.* (*quoting MacLloyd v. United States*, 684 F. App'x 555, 559 (6th Cir. 2017)).

### III. ANALYSIS

#### A. Prosecutorial Misconduct

Petitioner claims the allegations in Count Eighteen were fabricated by law enforcement and improperly prosecuted. Count Eighteen charges that on or about February 9, 2017, Brown aided and abetted a codefendant in distributing crack cocaine. [Crim. Doc. 1 at 3]. According to Petitioner, the controlled buy summary relating to this event indicates Petitioner was in the vehicle during a drug transaction and that Petitioner handed crack cocaine to the confidential source. [Civ. Doc. 2 at 6-7]. Petitioner avers he was not present and the evidence was fabricated by law enforcement. He alleges the prosecutor knew that Petitioner was not involved in that transaction and failed to dismiss the charge. Petitioner points to the Government's response to his PSR objections and sentencing memorandum, which states: "The evidence in this case indicates that the defendant... did not do hand-to-hand drug exchanges...." [Doc. 2 at 8; Crim. Doc. 128 at 3]. According to the Government, the confidential source believed Brown was in the car,

6

but after the indictment, the Government "had some concern" about whether Brown was in fact present. [Doc. 9 at 2].

Defendant was not convicted or sentenced as to Count Eighteen. In the plea agreement, the Government agreed to move to dismiss this charge at sentencing, which it did. *See United States v. Nagi*, 541 F. App'x 556, 569 (6th Cir. 2013) (vacated on other grounds) (prosecutor did not commit misconduct by proceeding to trial against a defendant and then dropping charge prior to jury deliberations; witness had become unavailable and jury was unaware of the charge). Petitioner claims the controlled buy summary was false and that the prosecution knew he was not involved in the transaction. He makes no allegations to support this belief. He does not allege, for example, that he denied involvement to the Government or that other evidence put his involvement at issue. Even were this contention sufficient to raise an evidentiary dispute, the dispute would be immaterial because its resolution would not impact Petitioner's conviction or sentence. If Petitioner was in fact actually innocent of Count Eighteen, he has already obtained the relief he is entitled to, namely, the dismissal of this charge.

Petitioner's prosecutorial misconduct argument is also procedurally defaulted. A motion to vacate is not a substitute for a direct appeal. *Regalado v. United States*, 334 F.3d 520, 528 (6th Cir. 2003). Claims that could have been raised on direct appeal, but were not, will not be entertained via a motion under § 2255 unless the petitioner shows: (1) cause and actual prejudice to excuse his failure to raise the claims previously; or (2) that he is "actually innocent" of the crime. *Ray v. United States*, 721 F.3d 758 (6th Cir. 2013).

Here, Petitioner argues he is actually innocent of Count Eighteen and by extension, Count One. Petitioner's argument is based on the mistaken assertion that the conspiracy

7

charged in Count One is based solely on the conduct alleged in Count Eighteen. In fact, the factual basis for the conspiracy charge is completely separate. The plea agreement identifies specific, admitted conduct by Petitioner and does not reference the February 9, 2017 transaction. In the plea agreement, Petitioner agreed this conduct was sufficient to satisfy the elements of the lesser-included offense of Count One, conspiracy to distribute 28 grams or more of crack cocaine. His alleged innocence as to the charge in Count Eighteen is immaterial to his conspiracy conviction. He raises no other arguments that would save this claim from procedural default and it must therefore be dismissed.

### B. Subject Matter Jurisdiction

Petitioner argues the Court lacked subject matter jurisdiction over the criminal action due to errors in the indictment. He identifies the follow purported errors:

i) Count One of the indictment contained a typographical error, charging a conspiracy beginning December 2016 and continuing through June 2016;

ii) Counts Two through Sixteen "charge absolutely nothing of themselves" and fail to recite independent facts for each count presented; and

iii) Count Eighteen was false or fabricated, and was also the only basis for the conspiracy charged in Count One.

[Doc. 2].

Subject matter jurisdiction in a criminal case is conferred by 18 U.S.C. § 3231, which provides: "The district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against laws of the United States." "Subject-matter jurisdiction in every federal criminal prosecution comes from 18 U.S.C. § 3231, and there can be no doubt that Article III permits Congress to assign federal

8

criminal prosecutions to federal courts. That's the beginning and the end of the 'jurisdictional' inquiry." *Hugi v. United States*, 164 F.3d 378, 380 (7th Cir. 1999).

Subject matter jurisdiction is not subject to waiver and to that extent, Brown's claim is reviewable on collateral attack. *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006). But as the Supreme Court of the United States has held, "defects in an indictment do not deprive a court of its power to adjudicate a case." *United States v. Cotton*, 535 U.S. 625, 630 (2002); *Short*, 471 F.3d at 695 (defects in an indictment are not jurisdictional and defendant may waive his right to reindictment by grand jury). Unlike the Court's subject matter jurisdiction, a defendant can waive his grand jury rights. *Id.* "A valid guilty plea waives all non jurisdictional defects in the defendant's indictment." *United States v. Ball,* 12 F.3d 214 (6th Cir. 1993); *see* Fed. R. Crim. 12(b)(3) (defect in an indictment must be raised prior to trial).

The United States Court of Appeals for the Sixth Circuit has consistently enforced § 2255 waivers in written plea agreements. *See Cox v. United States*, 695 F. App'x 851, 853 (6th Cir. 2017); *Davila v. United States*, 258 F.3d 448, 450 (6th Cir. 2001). "[I]t is well settled that a defendant in a criminal case may waive 'any right, even a constitutional right,' by means of a plea agreement." *Cox*, 695 F. App'x at 853 (*quoting United States v. Fleming*, 239 F.3d 761, 763-64 (6th Cir. 2001)) (internal quotation marks omitted). "To be valid, the waiver simply must have been entered into knowingly and voluntarily." *Id.* Petitioner does not allege that his guilty plea was invalid, unknowing, or involuntary. Accordingly, Petitioner waived the right to challenge the indictment. Because Petitioner's challenges to the indictment are not in fact jurisdictional, they were also procedurally defaulted when he failed to raise them on appeal. *Regalado v. United States*, 334 F.3d

9

520, 528 (6th Cir. 2003). Moreover, as explained in more detailed below, the purported errors were immaterial to the outcome of his case.

### C. Ineffective Assistance of Counsel

Petitioner claims his trial counsel was ineffective because he failed to move to dismiss the indictment and advised him to plead guilty to charges that were not lodged against him. To establish that he received ineffective assistance of counsel, a convicted defendant must satisfy the two-pronged test set forth by the Supreme Court of the United States in *Strickland v. Washington*, 466 U.S. 668 (1984). *Strickland* holds that a petitioner cannot establish his counsel was ineffective unless he demonstrates that (1) counsel's performance was deficient, such that counsel did not render reasonably effective assistance as measured by prevailing professional norms; and (2) he was prejudiced by the deficiency, i.e., there is a reasonable probability that but for counsel's alleged acts or omissions, the results of the proceedings would have been different. *Id.* at 687-88, 694; *Huff v. United States*, 734 F.3d 600, 606 (6th Cir. 2013) (applying *Strickland* test to § 2255 claims). The failure to satisfy either prong of *Strickland* requires dismissal of the claim and relieves the reviewing court of a duty to consider the other prong. *Nichols v. United States*, 563 F.3d 240, 249 (6th Cir. 2009); *see also Strickland*, 466 U.S. at 697. Finally, *Strickland* "requires the defendant to identify specific acts or omissions by counsel that were 'outside the wide range of professionally competent assistance.'" *Carter v. Bogan*, 900 F.3d 754 (6th Cir. 2018) (*quoting Strickland*, 466 U.S. at 690).

#### 1. Failure to Move to Dismiss Indictment

Petitioner claims his counsel should have moved to dismiss the indictment due to (i) the typographical error in Count One, (ii) the purported substantive deficiencies of Counts Two through Sixteen, and (iii) the alleged fabrication of Count Eighteen. As to

10

Count One, the indictment erroneously identifies the dates of the conspiracy as December 2016 through June 2016. "Although the general rule is that an indictment may only be amended by the grand jury, federal courts allow amendments when 'the change is merely a matter of form'" *United States v. Rosenbaum*, 628 F. App'x 923, 928-29 (6th Cir. 2015) (*quoting Russell v. United States*, 369 U.S. 749, 770 (1962)). "Changes of form" include corrections of clerical or typographical errors. *Id.* So this error could have been readily amended.

More significantly, the error was not repeated in the plea agreement, which set out specific, dated offense conduct to which Petitioner admitted. Petitioner therefore cannot show that "a substantial right has been affected" by any purported variance from the indictment. *United States v. Simms*, 351 F. App'x 64, *2 (6th Cir. 2009) (incorrect date in charging document did not deprive defendant the opportunity to adequately prepare his defense). Since the clerical error could have been corrected and the plea agreement included a stipulated factual basis, Petitioner's counsel was not deficient for failing to move to dismiss the indictment. Petitioner has not shown how the failure to so move would have changed the outcome of his case.

Next, Petitioner's counsel was not ineffective for failing to move to dismiss charges against Petitioner's codefendants. According to Petitioner, Counts Two through Sixteen are substantively deficient and charge nothing of themselves. Even if true, these charges were not against Petitioner and their dismissal would not have changed the outcome of his case.

Finally, Petitioner argues his counsel was ineffective for failing to seek dismissal of Count Eighteen, which Petitioner believes was false or fraudulent. Initially, this charge was in fact dismissed at sentencing, so Petitioner's complaint with his attorney is

11

unfounded. Petitioner argues, however, that Count Eighteen forms the sole factual basis for the conspiracy charged in Count One. This contention is simply wrong, and in light of the written stipulations in his plea agreement, not credible. Petitioner did not plead guilty to Count Eighteen and is not incarcerated due to allegedly false information in Count Eighteen. He stipulated to specific, independent facts that demonstrate he conspired to distribute 28 grams or more of crack cocaine and pleaded guilty to this lesser-included offense of Count One.

### 2. Advice to Plead Guilty on Counts Seven and Eight

Petitioner claims his counsel advised him to enter a guilty plea as to Counts Seven and Eight of the indictment, which were not lodged against him. In his Motion, Petitioner says that because of these "intimidating tactics" by counsel, he entered a plea as to Counts Seven and Eight. [Doc. 2 at 3]. This is incorrect. Petitioner did not plead guilty to these charges; he pleaded guilty to a lesser-included offense of Count One, conspiracy to distribute 28 grams or more of crack cocaine. "To demonstrate prejudice, [Petitioner] must establish that there is a reasonable probability that, but for his counsel's unprofessional errors, the result of the proceeding would have been different." *Short*, 471 F.3d at 693 (cleaned up). Because he did not take his lawyer's alleged advice, he cannot demonstrate prejudice.

The Government's response brief points out Petitioner's error, noting that he pleaded guilty only as to Count One, not Counts Seven and Eight. In reply, Petitioner argues, for the first time, that had his counsel "adequately informed him of the laws and elements" of conspiracy, he would never have entered a plea of guilty as to Count One. [Doc. 10]. This belated allegation is completely contradicted by the record. Again, Petitioner mistakenly believes that the February 9, 2017 transaction alleged in Count

12

Eighteen of the indictment was the sole factual basis for the conspiracy charge. Yet his written plea agreement explains the elements of the offense of conviction and sets out specific factual stipulations that satisfy each element. [Crim. Doc. 91 at 2-3]. The February 9, 2017 transaction is not among them. Moreover, Magistrate Judge Susan Lee conducted Petitioner's rearraignment and specifically found that he understood the nature of the charge and the penalties provided by law. [Crim. Doc. 120]. In light of the record, Petitioner has not shown his counsel's plea advice was constitutionally deficient or that the advice prejudiced him.

### 3. Miscellaneous Allegations

Petitioner also argues his counsel "knew that in regards to the narcotic counts in the indictment that a report/test was conducted, that concluded that it was 90 percent sure that the petitioner's voice was not detected in the allege voice recording, involving each purchase of narcotics; allegedly involving the petitioner." [Doc. 2 at 14]. This allegation is simply too vague for the Court to determine its meaning. It appears Petitioner is contending that his counsel had proof he was not involved in all the transactions underlying the conspiracy. What Petitioner notably omits to say is that he was not involved in the transactions described in the plea agreement. He expressly agreed to conspiring to distribute 28 grams or more of crack cocaine and stipulated to specific transactions as a factual basis for this plea. His vague contention that not all the Government's proof involved him is insufficient to undermine his conviction based on his knowing and voluntary guilty plea.

### D. Sentencing Guidelines Challenge

Petitioner argues his sentence was improperly enhanced under U.S.S.G. § 3B1.1(c) for a purported leadership role in the conspiracy. Petitioner's trial counsel objected to the

13

PSR on the basis that the facts did not support a leadership role enhancement. At sentencing, the Court declined to rule on the objection. As the Court explained, Petitioner's recommended sentence under the Sentencing Guidelines was lower than the mandatory minimum, with or without the two-point role enhancement. After sentencing, Petitioner's counsel filed a Motion to Amend/ Revise the Court's Statement of Reasons. In the Statement of Reasons, the Court adopted the Presentence Investigation Report "without change." [Crim. Doc. 132]. The Statement of Reasons also lists Brown's offense level as 25. [*Id.*]. Brown's counsel asked the Court to amend the statement of reasons since it reflects a guidelines determination the Court did not make or hear argument on. [Crim. Doc. 133].

Petitioner waived the right to collaterally attack his sentence in his written plea agreement, except as to ineffective assistance of counsel and prosecutorial misconduct. Neither are implicated by his Guideline Sentencing challenge and the issue is therefore waived. It is also procedurally defaulted because it was not raised on appeal. Finally, challenges to the application of sentencing guidelines are not typically cognizable on collateral review. *Bullard v. United States*, 937 F.3d 654, 660 (6th Cir. 2019). The purported error is not a gross miscarriage of justice –it neither shortens Petitioner's sentence nor undermines his conviction. Though Petitioner contends his sentence is being carried out in a way that is not reflective of his true offense level, this is not an attack on the fact of his conviction and sentence that entitles him to relief under § 2255.

### IV. CERTIFICATE OF APPEALABILITY

When considering a § 2255 motion, this Court must "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11, Rules Governing Section 2255 Proceedings for the United States District Courts. Petitioner

14

must obtain a COA before he may appeal the denial of his § 2255 motion. 28 U.S.C. § 2253(c)(1)(B). A COA will issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For cases rejected on their merits, a movant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong" to warrant a COA. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). To obtain a COA on a claim that has been rejected on procedural grounds, a movant must demonstrate "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* Based on the *Slack* criteria, the Court finds that a COA should not issue in this cause.

## V. CONCLUSION

For the reasons stated herein, Petitioner has failed to establish any basis upon which § 2255 relief could be granted, and it is therefore **ORDERED** that his § 2255 motion [Case No. 4:17-cr-20, Doc. 139; Case No. 4:19-cv-18, Doc. 1] is **DENIED**.

A certificate of appealability from the denial of Petitioner's § 2255 motion will be **DENIED**. A separate judgment will enter.

**SO ORDERED** this 18th day of September, 2020.

                                        */s/ Harry S. Mattice, Jr.*
                                        HARRY S. MATTICE, JR.
                                        UNITED STATES DISTRICT JUDGE